[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15496
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:08-cv-00466-JA-GJK


RAYMOND H. PIERSON, III,
M.D.,

                                        Plaintiff - Appellant,

JOANNE R. WERNTZ,
M.D.,

                                        Intervenor Plaintiff - Appellant,

                    versus

ORLANDO REGIONAL HEALTHCARE SYSTEMS, INC.,
et al.,

                                        Defendants,

ROGER MURBACH,
STEVEN APPLEBLATT,
FRANK BONE,
WILLIAM BOTT,
THOMAS CSENCSITZ,
M.D.'s, et al.,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 13, 2012)

Before TJOFLAT, BARKETT and SMOAK,[*] Circuit Judges.

PER CURIAM:

Raymond Pierson, MD, an orthopedic surgeon, appeals the dismissal of most counts in his amended complaint and third amended complaint against defendant Orlando Health f.k.a. Orlando Regional Healthcare System, Inc.[1] ("ORHS"), and various physicians[2] alleging a multitude of causes of action[3]

_____

[*] Honorable Richard Smoak, United States District Judge for the Northern District of Florida, sitting by designation.

[1] ORHS is a non-profit private health care network that serves central Florida, which is comprised of and does business through its seven healthcare facilities in central Florida, including Orlando Regional Medical Center ("ORMC") and Dr. Phillips Hospital ("Sand Lake Hospital").

[2] Pierson sued the following physicians or representatives of the estates of deceased physicians: Eric Lieberman (as the personal representative of Dr. Spiegel), Dr. Murbach, Dr. Applebatt (ORHS staff), Dr. Bone (ORHS staff), Dr. Bott (ORHS staff), Dr. Csencsitz (ORHS staff), Dr. Cole (ORHS staff), Dr. Hillenmeyer (President and Chief Executive Officer of ORHS), Dr. Moser (ORHS staff), Dr. Diebel (ORHS staff), Dr. Evans (ORHS staff), Dr. Galceran (ORHS staff), Dr. Rivero (ORHS staff), Dr. Gordon (ORHS staff), Dr. Sanders (ORHS staff), Mr. Rief and Ms. Parks (co-personal representatives of the estate of John Connolly, M.D.), Dr. Wolfram (ORHS staff). In addition, Pierson sued Wolverine Anesthesia Consultants M.D.,

2

arising from the hospital's investigation of complaints regarding his emergency room usage lodged against Pierson by nurses, technicians, and physicians at ORHS's hospitals. The district court granted summary judgment against Pierson on his remaining claim for breach of contract, his claim that ORHS should not have enjoyed immunity under the Health Care Quality Improvement Act, and his claim for declaratory relief related to the adverse activity report made to the National Practitioner Data Bank (NPDB), which Pierson also appeals. Joanne R. Werntz, Pierson's wife at the time, also sued for loss of consortium as a result of

---

P.A., which at all times relevant to the complaint had an exclusive medical provider contract with ORHS to provide anesthesiology services to ORMC and Sand Lake Hospital and Musculoskeletal Institute, a corporation doing business in the state of Florida. Pierson also sued the United States of America and various other federal and state agencies alleging constitutional violations.

[3] The third amended complaint had eleven counts: Count 1 – Breach of Contract (ORHS), Count 2 – Defamation, Libel, Slander (ORHS, Murbach, Bott, Csencsitz, Connolly, Evans, Galceran, Bone, Rivero, Appleblatt, Spiegel, Hillenmeyer), Count 3 – Fraud (ORHS), Count 4 – Fraud (ORHS, Hillenmeyer), Count 5 – Intentional Infliction of Emotional Distress (Murbach, Bott, Csencsitz, Connolly, Evans, Galceran, Bone, Rivero, Appleblatt, Spiegel, Hillenmeyer, Moser, Wolfram, Diebel), Count 6 – Negligent Hiring and Supervision of Those Conducting the SHAM Review (Murbach, Bott, Csencsitz, Connolly, Evans, Galceran, Bone, Rivero, Appleblatt, Spiegel, Hillenmeyer, Moser, Wolfram, Diebel), Count 7 – Request for Declaratory and Injunctive Relief, Count 8 – Civil Conspiracy, Conspiracy to Defame (Murbach, Bott, Csencsitz, Connolly, Evans, Galceran, Bone, Rivero, Appleblatt, Spiegel, Hillenmeyer, Moser, Wolfram, Diebel, Cole), Count 9 – Civil Conspiracy to Breach the Bylaws (Bott, Connolly, Evans, Bone, Rivero, Moser, Diebel), Count 10 – Civil Conspiracy (Murbach, Bott, Csencsitz, Connolly, Evans, Galceran, Bone, Rivero, Appleblatt, Spiegel, Hillenmeyer, Moser, Wolfram, Diebel, Cole Sanders), Count 11 – Civil Conspiracy, Conspiracy to Defraud (Murbach, Bott, Connolly, Evans, Galceran, Bone, Rivero, Appleblatt, Spiegel, Wolfram). The First Amended Complaint alleged antitrust claims in count 1 and constitutional claims requesting declaratory relief in counts 14 through 18.

these complaints and subsequent investigation. The district court dismissed this claim as well and Pierson argues that if any of his claims are reinstated, her consortium claim should also be reinstated.

The complaints consisted of concerns that Pierson (1) took an excessive length of time completing his surgeries; (2) scheduled surgery at inappropriate times; (3) delayed dictating operative notes; and (4) treated elective surgeries as urgent or semi-urgent cases. The hospital's medical staff established an investigative committee to assess the complaints. After the committee conducted a preliminary review, and pending further independent review of Pierson's charts by Dr. Phillip Spiegel, the former Chairman of Orthopedic Surgery at the University of South Florida Medical School and the editor of an orthopedic trauma journal, Pierson was removed from the trauma and emergency call list. The committee then reviewed the lengthy written submissions of both Pierson and Spiegel and concluded that there was a factual basis for the concerns expressed by Pierson's colleagues. Pierson rejected the committee's opinion and requested a hearing, which was held over a six day period before a hearing panel of three surgeons. Pierson presented witnesses and introduced exhibits. At the conclusion of the hearing, the hearing panel found that certain of the concerns expressed were valid and encouraged the hospital to work with Pierson to give him an opportunity

4

to correct the deficiencies. However, Pierson refused to recognize any validity to the concerns expressed and refused to modify any of the practices in question.

Following an appeal process of the hearing panel's recommendations, the ORHS board affirmed the appeal panel's recommendations, and the board filed an adverse action report with the NPDB. The report was required under the Health Care Quality Improvement Act, 42 U.S.C. § 11133(a)(1)(A).

ORHS told Pierson that it would restore him to the trauma and emergency call list if he would demonstrate that he was willing to live within the hospital's policies and protocols, which apply to all the orthopedic surgeons on staff at its hospitals. Pierson was unwilling to do so and instead moved to California in mid-2004. Almost four years later, he brought this litigation.

We have reviewed the record and considered the oral argument of counsel and find no reversible error as to the summary judgment awarded or as to the dismissal of claims, pursuant to Fed. R. Civ. P. 12(b)(6). The district court carefully analyzed every claim raised by Pierson and correctly applied the law.

**AFFIRMED**.