[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11722
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-60270-WJZ


RAYMOND H. PIERSON, III,

Plaintiff-Appellant,

versus

BRUCE S. ROGOW, J.D.,
CYNTHIA GUNTHER,
BRUCE S. ROGOW, PA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 31, 2014)

Before TJOFLAT, MARCUS, and BLACK, Circuit Judges.

PER CURIAM:

In Pierson v. Orlando Regional HealthcareSystems, Inc., 451 F. App'x 862 (11th Cir. 2012), Raymond H. Pierson, III, the appellant here, sued Orlando Regional Healthcare Systems, Inc. ("ORHS") and several physicians "alleging a multitude of causes of action arising from the hospital's investigation of complaints regarding his emergency room usage lodged against Pierson by nurses, technicians, and physicians at ORHS's hospitals."  The District Court dismissed some of the claims for failure to state a claim for relief and the remainder on summary judgment, and we affirmed.  Pierson, 451 F. App'x at 863–64.

On January 31, 2014, Pierson, proceeding pro se, filed a lawsuit against the lawyers who represented him in that appeal, Bruce S. Rogow and Cynthia Gunther, the appellees here, in the United States District Court for the Eastern District of California, invoking that court's diversity jurisdiction under 28 U.S.C. § 1332.  His complaint alleged that Rogow and Gunther had provided him with "grossly deficient legal advocacy" in his prior appeal to this court and that such "negligence and legal malpractice was a primary contributing cause to the failure of [that] appeal."  Doc. 1, at 2.  Pursuant to 28 U.S.C. § 1404(a), the District Court transferred the case to the United States District Court for the Southern District of Florida, the district in which Rogow and Gunther reside.

2

On February 5, 2014, the District Court, acting sua sponte, dismissed the case without prejudice on the ground that Pierson's complaint "fail[ed] sufficiently [to] allege the citizenship of any Party . . . in order for the Court to determine whether it ha[d] jurisdiction over" the case.  Doc. 7, at 3.

On February 25, 2014, Pierson, still proceeding pro se, filed (in the dismissed case) a First Amended Complaint against Rogow and Gunther.  Doc. 8. On April 7, 2014, the District Court, again acting sua sponte, entered an order dismissing the First Amended Complaint and directing the Clerk to strike it from the record because the case had "not been reopened following its dismissal,"  Doc. 9, at 1, and Pierson had not moved the court to reopen the case so that he could file an amended complaint.  Pierson appeals the ruling.

We vacate the District Court's order and remand the case with the instruction that the District Court treat Pierson's First Amended Complaint as the commencement of a brand new lawsuit on February 25, 2014.  When the court dismissed Pierson's complaint on February 5, 2014, it "closed" the case, meaning that the case no longer existed on the court's docket.  The First Amended Complaint—which Pierson was at liberty to file because the earlier dismissal was without prejudice—began a new case.  As such, the case was not subject to

3

dismissal on the ground (implicit in the April 7, 2014, order) that it was an attempt to file, without leave of court, an amended complaint in the closed case.[1]

VACATED and REMANDED, with instruction.

---

[1] Since Pierson has initiated a new case, he will have to perfect service of process on the defendants.