IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DR. SUALEH KAMAL ASHRAF,

      Appellant,

 v.                                   Case No.  5D15-2415

ADVENTIST HEALTH SYSTEM/ SUNBELT, INC.,
a Florida Corporation, d/b/a FLORIDA HOSPITAL APOPKA,

      Appellee.

_____/

Opinion filed July 1, 2016

Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Troy J. Webber and Sarah S. Hussein, of
Hussein & Webber, P.L., Jacksonville, for
Appellant.

Mason H. Grower, III, Samantha L.
Aylward, and Emily R. Katz, of Grower,
Ketcham, Rutherford, Bronson, Eide &
Telan, P.A., Orlando, for Appellee.

WALLIS, J.

Dr. Sualeh Kamal Ashraf ("Dr. Ashraf") appeals the trial court's dismissal of his

complaint for defamation against Adventist Health System/Sunbelt, Inc., d/b/a Florida

Hospital Apopka ("Appellee"). We agree that the two-year statute of limitations under the

single publication rule bars Dr. Ashraf's claim. We affirm in all respects and certify a question of great public importance to the Florida Supreme Court.

In 2006, Dr. Ashraf began working as a physician in the cardiology department at Florida Hospital Apopka ("Florida Hospital"). In June 2007, Florida Hospital's Medical Executive Committee ("MEC") notified Dr. Ashraf of the suspension of his clinical privileges. The MEC voted to continue the temporary suspension of privileges while the Investigative Review Committee ("IRC") conducted a formal investigation. In November 2007, the IRC completed its investigation, issuing 22 factual findings and recommending permanent revocation of Dr. Ashraf's clinical privileges. The MEC convened for a meeting at which it adopted verbatim the IRC's findings. Dr. Ashraf disputed the accuracy of those findings and requested review by a Fair Hearing Panel ("FHP"). The FHP upheld the IRC's findings and forwarded its recommendation to Florida Hospital's Board of Directors for final approval. Florida Hospital's Board of Directors approved the recommendation and permanently revoked Dr. Ashraf's clinical privileges.

On December 17, 2008, Florida Hospital reported the revocation of Dr. Ashraf's clinical privileges to the National Practitioner Data Bank ("NPDB"), an information repository formed under federal law containing information regarding healthcare practitioners and providers. Federal law requires Florida Hospital to report their adverse actions and findings to the NPDB. The NPDB then generates a confidential report available upon request by a select group of legally authorized entities. Florida Hospital's report to the NPDB contained verbatim the 22 factual findings issued by the IRC.

In October 2014, Dr. Ashraf filed a two-count complaint against Appellee for defamation and permanent injunctive relief. Dr. Ashraf alleged his NPDB report contained

false and defamatory material, directly resulting in loss of employment opportunities as recently as September 2014. Appellee moved to dismiss the complaint, arguing the two-year statute of limitations under the single publication rule barred his claim. The trial court agreed and granted Appellee's motion to dismiss.

Florida law establishes a two-year statute of limitations for actions for "libel and slander." § 95.11(4)(g), Fla. Stat. (2014). The statute of limitations begins to run at the time of publication, not when the plaintiff discovers the alleged defamatory material. Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan, 629 So. 2d 113, 114 (Fla. 1993). "It is the general rule that each communication of the same defamatory matter by the same defamer, whether to a new person or to the same person, is a separate and distinct publication, for which a separate cause of action arises." Restatement (Second) of Torts § 577A cmt. a (1977). Thus, "every repetition of a defamatory statement is considered a publication." Doe v. Am. Online, Inc., 783 So. 2d 1010, 1017 (Fla. 2001) (citation omitted). "This general rule is referred to as the 'multiple publication rule.'" Musto v. Bell S. Telecomms. Corp., 748 So. 2d 296, 297 (Fla. 4th DCA 1999).

An exception to the general rule, known as the single publication rule, provides that a "cause of action for damages founded upon a single publication or exhibition or utterance, as described in s. 770.05, shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state." § 770.07, Fla. Stat. (2014). The single publication rule is "merely a convenient tool to express the rule that all causes of action for widely circulated libel must be litigated in one trial, and that each [publication]

need not be separately pleaded and provided." <u>Daytona Beach News-Journal Corp. v. Firstamerica Dev. Corp.</u>, 181 So. 2d 565, 568 n.1 (Fla. 3d DCA 1966) (citation omitted).

Although no Florida appellate court has addressed whether the single or multiple publication rule applies to defamation claims stemming from NPDB reports, and other jurisdictions have decided differently on this issue,[1] we choose to follow Judge Antoon's well-reasoned decision in <u>Pierson v. Orlando Regional Healthcare Systems, Inc.</u>, No. 6:08-cv-466-Orl-28GJK, 2010 WL 1408391, at \*1 (M.D. Fla. Apr. 6, 2010), <u>aff'd</u>, 451 Fed. App'x 862 (11th Cir. 2012), <u>cert. denied</u>, 133 S. Ct. 940 (2013) (Mem). In <u>Pierson</u>, the defendant suspended the plaintiff's emergency and trauma call privileges and reported its findings to the NPDB in February 2004. <u>Id.</u> at \*12. The plaintiff brought an action for defamation, among other claims, in August 2009. <u>Id.</u> In determining that the statute of limitations barred the plaintiff's defamation claim, the court distinguished <u>Musto</u>, 748 So. 2d 296, where the Fourth District Court held that the single publication rule does not apply to the common law tort of credit slander. <u>Id.</u> The <u>Pierson</u> court reasoned that, unlike in <u>Musto</u>, the plaintiff "knew of the contents of the Adverse Action Report at the time it was issued to the NPDB; thus, the potential pitfall of credit report subjects not knowing of a defamatory credit statement until the statute of limitations has run is not present." <u>Id.</u> Importantly, the court also cautioned that, were it to agree with the plaintiff's interpretation, he "could apply for employment over and over again and create a new defamation claim based on reissuances of the NPDB report at his whim." <u>Id.</u> Accordingly, the <u>Pierson</u> court

---

[1] <u>See</u> <u>Williams v. Univ. Med. Ctr. of S. Nev.</u>, No. 2:09-cv-00554-PMP-PAL, 2010 WL 3001707, at \*1 (D. Nev. July 28, 2010); <u>Stephan v. Baylor Med. Ctr. at Garland</u>, 20 S.W.3d 880 (Tex. App. 2000); <u>Swafford v. Memphis Individual Practice Ass'n</u>, No. 02A01-9612-CV-00311, 1998 WL 281935, at \*1 (Tenn. Ct. App. June 2, 1998).

concluded that the two-year limitations period began to run when the defendant first issued the Adverse Action report to the NPDB, thus time-barring the plaintiff's claim brought nearly four years later. Id.

We adopt Pierson and hold that the two-year statute of limitations begins to run when a report is issued to the NPDB; any subsequent issuance of that report to legally authorized entities does not accrue a new limitations period. We note that the NPDB establishes internal procedural safeguards whereby the subject of a report can file an exception disputing the accuracy of the report's contents, in addition to the challenge procedures available to Dr. Ashraf during the course of Florida Hospital's investigation. See 45 C.F.R. § 60.21 (2014). Moreover, unlike in the credit report context, where a plaintiff may not know of the contents of their report until after the limitations period runs, the NPDB sends the subject a copy of his or her report. See 45 C.F.R. § 60.6 (2014). Thus, all plaintiffs will have actual knowledge of the contents of their NPDB report well before the limitations period expires. See Pierson, 2010 WL 1408391, at *12. Based on the foregoing, we affirm and certify the following question to the Florida Supreme Court as one of great public importance:

> DOES THE SINGLE PUBLICATION RULE BAR ANY DEFAMATION CLAIM BASED UPON INFORMATION REPORTED TO THE NPDB IF NOT COMMENCED WITHIN TWO YEARS OF THE DATE OF THE REPORT?

AFFIRMED; QUESTION CERTIFIED.

LAMBERT and EDWARDS, JJ., concur.

5